BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
CATHERINE S. SIMONSEN (SBN 307325)
catherine.simonsen@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Defendant
QUICK QUACK CAR WASH HOLDINGS, LLC

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY CURRAN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>QUICK QUACK CAR WASH HOLDINGS, LLC, a Delaware Limited Liability Company; and Does 1-50 inclusive,<br><br>　　　　　Defendants. | CASE NO.:<br><br><br>**DEFENDANT QUICK QUACK CAR WASH HOLDINGS, LLC'S NOTICE OF REMOVAL** |

AMERICAS 105605713

NOTICE OF REMOVAL

**NOTICE OF REMOVAL**

Defendant Quick Quack Car Wash Holdings, LLC ("Quick Quack") hereby removes this action (the "Action") from the Superior Court of the State of California, County of Sacramento ("Sacramento Superior Court"), to the United States District Court for the Eastern District of California. This Court has federal question jurisdiction under 28 U.S.C. § 1331, and this removal comports with 28 U.S.C. § 1446. In further support of this Notice of Removal, Quick Quack states as follows:

## I.   PROCEDURAL HISTORY

1. Plaintiff Randy Curran ("Plaintiff") commenced this Action on July 24, 2020, by the filing of a complaint ("Complaint"), captioned *Randy Curran, individually and on behalf of all others similarly situated, v. Quick Quack Car Wash Holdings, LLC, a Delaware limited liability company; and Does 1-50, inclusive,* Case No. 34-2020-00282263, in the Sacramento Superior Court. The Complaint was not removable to federal court because Plaintiff alleged only California state law claims, and the minimal diversity requirements for jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), were not satisfied, as Plaintiff sought to represent a putative class of California consumers, and Quick Quack's principal place of business is Roseville, California. *See* Exhibit 1 at 5-20.

2. The parties stipulated to extend, and the Sacramento Superior Court ordered the extension, of Quick Quack's deadline to answer or otherwise respond to the Complaint to December 23, 2020. *See* Exhibit 1 at 178-81, 184-87.

3. On December 21, 2020, Plaintiff filed and served the First Amended Complaint ("FAC") in the Sacramento Superior Court, adding a claim for violation of the federal Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq.*, alleging Quick Quack "initiated preauthorized transfers via debit cards and took money from the bank accounts of Plaintiff and certain Class members without obtaining their written authorization and/or without providing a copy of a [sic] such a written authorization." *See* Exhibit 1 at 188-218.

AMERICAS 105605713

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

4.  A true copy of the FAC, and all process, pleadings, and orders from the state court, is attached hereto as Exhibit 1, as required by 28 U.S.C. § 1446(a).

5.  The Sacramento Superior Court is located within the Eastern District of California. 28 U.S.C. § 84(b). Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1446(a).

6.  In accordance with 28 U.S.C. § 1446(b)(3), Quick Quack files this Notice of Removal within the 30-day removal period. Plaintiff filed and served the FAC on December 21, 2020. The FAC was the first pleading in this action that conferred federal question jurisdiction under 28 U.S.C. § 1331 by the addition of a claim under the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. Because Quick Quack filed this Notice of Removal within 30 days following the filing and service of the FAC, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

7.  Promptly after filing this Notice of Removal, Quick Quack will give written notice of the removal to Plaintiff through her attorneys of record in the Action, as well as to the Clerk of the Sacramento Superior Court, as required by 28 U.S.C. § 1446(d).

## III. REMOVAL IS PROPER UNDER 28 U.S.C. § 1331 BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

8.  The presence of a federal question gives rise to jurisdiction in this Court under 28 U.S.C. § 1331.

9.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 because, as stated above, Plaintiff's FAC asserts a claim under the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*.

10. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over those claims that are not independently removable.

11. No admission of fact, law, liability, or damages is intended by this Notice of Removal, and all defenses, affirmative defenses, objections and motions are hereby reserved.

### IV. CONCLUSION

12. WHEREFORE, having provided notice as required by law, this Action should be removed from the Sacramento Superior Court.

Dated: December 23, 2020

WHITE & CASE LLP

By: */s/ Bryan A. Merryman*
Bryan A. Merryman

Attorneys for Defendant
QUICK QUACK CAR WASH HOLDINGS, LLC

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 South Flower Street, Suite 2700, Los Angeles, CA 90071-2433. I am employed by a member of the Bar of this Court at whose direction the service was made.

On December 23, 2020, I served the foregoing document(s) described as:

**DEFENDANT QUICK QUACK CAR WASH HOLDINGS, LLC'S NOTICE OF REMOVAL**

on the person(s) below, as follows:

>Zach P. Dostart
>James T. Hannink
>DOSTART HANNINK & COVENEY LLP
>4180 La Jolla Village Dr., Ste. 530
>La Jolla, CA 92037-1474
>Telephone: (858) 623-4200
>Facsimile: (858) 623-4299
>Email: ZDostart@sdlaw.com
>Email: JHannink@sdlaw.com
>Email: CKlobucar@sdlaw.com
>Email: LDozier@sdlaw.com
>
>Attorneys for Plaintiff
>RANDY CURRAN

☒ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the e-mail address(es) listed above. The transmission was reported as complete and without error.

Executed December 23, 2020, at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

_____
Karmella Salgado